**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **ILEANA MAY,** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.,**<br><br>Defendant. | Case No. 1:26-cv-12458-AK |
| **PENNY STRAUD,** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.,**<br><br>Defendant. | Case No. 1:26-cv-12479-AK |
| **ROSARIO MARINA CANTU,** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.,**<br><br>Defendant. | Case No. 1:26-cv-12495-AK |

| | |
|---|---|
| **CARIDAD HILAIRE** and **TAWANA MCCANTS,** on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.,**<br><br>       Defendant. | Case No. 1:26-cv-12513-AK |
| **MELISSA KING,** on behalf of herself and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.,**<br><br>       Defendant. | Case No. 1:26-cv-12529-AK |
| **ASHLEY BANUELOS,** on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.,**<br><br>       Defendant. | Case No. 1:26-cv-12575-AK |

| | |
|---|---|
| **WILLIAM EPITER-SMITH,** on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.** and **Does 1-10**,<br><br>    Defendants. | Case No. 1:26-cv-12596-AK |
| **JEANETTA MCELROY,** on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.**,<br><br>    Defendant. | Case No. 1:26-cv-12602-AK |
| **TONYA MORRISETTE,** on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.**,<br><br>    Defendant. | Case No. 1:26-cv-12621-AK |

| | |
|---|---|
| **MATTHEW HUFNUS,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.,**<br><br>Defendant. | Case No. 1:26-cv-12851-AK |
| **MORGAN HARVEY,** on behalf of her minor child B.E.K.H., and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DENTAQUEST GROUP, INC.,**<br><br>Defendant. | Case No. 1:26-cv-13015-AK |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### MOTION TO CONSOLIDATE RELATED ACTIONS

Under Federal Rules of Civil Procedure 42(a) and 23(g)(3) and Local Rule 40.1(g), Plaintiff Ileana May, individually, and on behalf of all others similarly situated, respectfully submits this motion and memorandum of law to: (1) consolidate the above-captioned related actions; (2) set a deadline for filing applications for appointment as interim class counsel within 7 days of an order granting consolidation; (3) stay the related actions, including any of the Defendant's responsive pleading deadlines, and require the filing of a consolidated class action complaint ("Consolidated Complaint") within 45 days of entry of an order appointing Interim Class Counsel; and (4) set the deadline for Defendant's response to the Consolidated Complaint

4

45 days after the Consolidated Complaint is filed, set the deadline of 45 days thereafter for Plaintiffs' response, followed by 21 days for Defendant's reply.

As discussed below, consolidation is proper because each action: (i) is brought against the same defendant; (ii) is based on the same alleged data incident that impacted Defendant's network systems in May of 2026; (iii) asserts the same or overlapping allegations and claims for relief; and (iv) seeks to represent the same or overlapping putative class. Given the common alleged factual background and claims asserted in each action, consolidation and the appointment of interim class counsel will streamline litigation and preserve judicial and party resources.

Pursuant to L.R. 7.1(a)(2), Plaintiff's counsel conferred with counsel for Defendant who advised that Defendant does not oppose the relief sought herein.

## I.      INTRODUCTION & PRELIMINARY STATEMENT

There are eleven (11) class action lawsuits currently pending in this Court that present common questions of law and fact against the same Defendant, DentaQuest Group, Inc. ("Defendant"): *Ileana May v. DentaQuest Group, Inc.,* 1:26-cv-12458-AK; *Penny Straud v. DentaQuest Group, Inc.,* 1:26-cv-12479-AK; *Rosario Marina Cantu v. DentaQuest Group, Inc.,* 1:26-cv-12495-AK; *Caridad Hilaire and Tawana McCants v. DentaQuest Group, Inc.,* 1:26-cv-12513-AK; *Melissa King v. DentaQuest Group, Inc.*, 1:26-cv-12529-AK;  *Ashley Banuelos v. DentaQuest Group, Inc.,* 1:26-cv-12575-AK; *William Epiter-Smith v. DentaQuest Group, Inc., et al.,* 1:26-cv-12596-AK; *Jeanetta McElroy v. DentaQuest LLC,* 1:26-cv-12602-AK;[1] *Tonya Morrisette v. DentaQuest Group, Inc.,* 1:26-cv-12621-AK; *Matthew Hufnus v. DentaQuest Group, Inc.,* 1:26-cv-12851-AK; and *Harvey v. DentaQuest Group, Inc.*, 1:26-cv-13015-AK (collectively, the "Related Actions").

---

[1] Plaintiff McElroy inadvertently named DentaQuest, LLC instead of DentaQuest Group, Inc.

The Related Actions arise from the same operative facts involving a cyberattack that impacted Defendant's information technology systems. Plaintiffs allege that in May of 2026, Defendant experienced a data breach during which unauthorized cybercriminals gained access to and exfiltrated personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Private Information") from Defendant's network system, including, but not limited to, name, Social Security number, health insurance information, and dates of birth ("Data Breach"). Plaintiffs bring similar and overlapping claims for relief, including but not limited to, negligence, breach of implied contract, invasion of privacy, and unjust enrichment. As such, the Related Actions present common factual and legal questions, involving the same or similar discovery efforts and consolidation is therefore appropriate.

## II.    ARGUMENT

Class actions pose unique and complex challenges that require a greater level of organization and case management to protect the interests of plaintiffs and putative class members. Consolidating the Related Actions and appointing Interim Class Counsel at the earliest practicable time is essential, as it promotes judicial economy and delineates a clear division of labor and allocation of tasks and responsibilities that is crucial in keeping the litigation well-organized and efficient. *See* Fed. R. Civ. P. 23(g) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action").

### A.    *The Related Actions Should Be Consolidated*

The power to consolidate related actions falls within the broad inherent authority of every court when the need arises when it is necessary to have lead attorneys to prepare for the class certification decision, to prepare or respond to other motions before class certification, to discuss settlement before certification, or to resolve rivalry or uncertainty among competing counsel or

law firms to protect the interests of the putative class. *Allen v. Takeda Pharm. U.S.A.*, No. 20-11452-LTS, 2020 U.S. Dist. LEXIS 255651, at *8-9 (D. Mass. Sept. 9, 2020); *Carrier v. Am. Bankers Life Assur. Co.*, No. 05-cv-430-JD, 2006 U.S. Dist. LEXIS 76346, *at 2 (D.N.H. Oct. 19. 2006) (citing *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006)).

Consolidation is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Consolidation in the District of Massachusetts is also governed by Local Rule 40.1(g), which provides that a civil case shall be deemed related to another civil case only if:

(A)     some or all of the parties are the same; and

(B)     one or more of the following similarities exist:
   i.   the cases involve the same or substantially similar issues of fact;
   ii.  the cases arise out of the same occurrence, transaction or property;
   iii. the cases involve insurance coverage for the same property, transaction or occurrence.

*See Seguro de Servicio de Salud v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) ("The threshold issue is whether the two proceedings involve a common party and common issues of fact or law. (citation omitted) Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation…").

Here, consolidation of the Related Actions is warranted as all the requirements enumerated in L.R. 40.1(g) are satisfied. Specifically, all of the Related Actions involve Defendant. Moreover, the Related Actions also raise the same or similar questions of law, arise from the same set of facts surrounding the Data Breach, and involve similar class definitions, making them susceptible to

7

disposition in a single proceeding. Each of the Related Actions focuses on whether Defendant is liable to Plaintiffs and putative Class Members whose Private Information was compromised in the Data Breach for its failure to protect this sensitive information. Moreover, the Related Actions will involve substantially similar discovery, and consolidation would increase efficiency and offer consistency in judicial rulings.

Courts consistently find that data breach class actions are particularly appropriate for consolidation. *See, e.g., Scifo v. Alvaria, Inc.*, No. 23-cv-10999-ADB, 2024 U.S. Dist. LEXIS 170093, at *5 (D. Mass. Sept. 20, 2024) (permitting consolidation of six related actions related to a data breach);[2] *In re LastPass Data Sec. Incident Litig.*, 742 F. Supp. 3d 109, 132 (D. Mass. July 30, 2024) (consolidating nine cases related to a data breach);[3] *Smith v. Zoll Med. Corp.*, No. 1:23-cv-10575-IT, 2024 U.S. Dist. LEXIS 13276, at *9-10 (D. Mass. Jan. 25, 2024) (noting "[a]lthough fifteen separate actions (related to a data breach) were filed, Plaintiffs have committed to filing a single, consolidated complaint (internal citation omitted) and the court has endorsed this approach.");[4] *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-CV-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation…arise out of the same occurrence: a data breach…").

Furthermore, to better serve judicial efficiency, Plaintiffs also respectfully submit that this Court, pursuant to Local Rule 40.1(j), should order that any future actions filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with the first filed case, the *Wood* Action. *See, Allen v. Takeda Pharm. U.S.A.*, No. 20-11452-LTS, 2020 U.S. Dist.

---

[2] The consolidation order in *Scifo* is ECF No. 23.
[3] The consolidation order in *In re Last Pass* is ECF No. 69.
[4] The consolidation order in *Smith* is ECF No. 21.

LEXIS 255651, at *8-9 (D. Mass. Sept. 9, 2020) (granting motion to consolidate "expressly based on Local Rule 40.1(j)" where cases "involve the same plaintiff suing the same three defendants, identical facts expressed in virtually identical initial pleadings, and common issues of law arising from a single event…"); *Troy Stacy Enter. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action."). Finally, because all the Related Actions are in their infancy, no responsive pleadings have been filed, and discovery has not yet begun, Defendant will suffer no prejudice by litigating one consolidated action rather than multiple separate suits. In fact, Defendant does not oppose consolidation.

### III.    CONCLUSION

Plaintiff respectfully requests that the Court grant this Motion and enter an order consolidating the Related Actions under the docket number of the first-filed case, 1:26-cv-12458-AK, and under the restyled caption: *In re: DentaQuest Group, Inc. Data Incident Litigation*. Plaintiff further requests that that the Court set the following schedule: a deadline for filing applications for appointment as interim class counsel within 7 days of an order granting consolidation; stay the related actions, including any of the Defendant's responsive pleading deadlines; filing of a consolidated class action complaint within 45 days of entry of an order appointing Interim Class Counsel; the deadline for Defendant's response to the Consolidated Complaint 45 days after the Consolidated Complaint is filed; the deadline of 45 days thereafter for Plaintiffs' response, and a deadline of 21 days thereafter  for Defendant's reply. A proposed order granting this relief is submitted herewith.

Dated: July 2, 2026                              Respectfully submitted,

By: */s/Brendan T. Jarboe*

9

Brendan T. Jarboe (BBO #691414)
Jason Leviton (BBO #678331)
BLOCK & LEVITON LLP
260 Franklin Street, Ste 1860
Boston, MA 02110
Telephone: (617) 398-5600
brendan@blockleviton.com
jason@blockleviton.com

Casondra Turner (MA BBO 687682)
MILBERG, PLLC
260 Peachtree Street NW, Suite 2200
Atlanta, GA 30303
Telephone: 771-772-3086
cturner@milberg.com

*Attorneys for Plaintiff Ileana May*