UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re: DentaQuest Group, Inc. Data Incident Litigation* | Case No. 1:26-cv-12458-AK |

**APPLICATION TO APPOINT BEN BARNOW AND DAVID PASTOR
AS INTERIM CO-LEAD CLASS COUNSEL**

## I.    INTRODUCTION

Plaintiff Ashley Banuelos, individually and on behalf of her minor children A.V., D.B., and P.L., hereby submits this application pursuant to Fed. R. Civ. P. 23(g) to appoint Ben Barnow of Barnow and Associates, P.C. and David Pastor of Pastor Law Office PC as Interim Co-Lead Class Counsel.[1] While this application follows with further and detailed support for Ben Barnow and David Pastor's requested appointment, the immediately following points illustrate why they are best qualified to lead this case:

1. Ben Barnow was one of the architects of likely the first major data breach class action settlement, which occurred in this District, in *In Re TJX Companies Retail Security Breach Litigation*, No. 07-10162 (D. Mass.) (Young, J.).

2. Through his approximately 20 years of pioneering practice in the data breach class action space, Ben Barnow is one of the most experienced attorneys in data breach class actions. His knowledge of the law, litigation, and settlement resolve will advance this litigation in accord with the highest duties owed to the Court and Class. In state courts, federal courts, and at all levels, he has contributed to the body of law governing this space.

3. David Pastor is a highly experienced attorney with extensive class action experience and substantial data breach class action knowledge and achievement. He has practiced in Massachusetts and in this District, as well as other state and federal jurisdictions, for over 45 years and is exceptionally equipped to serve as Co-Lead Class Counsel with additional liaison duties. Many firms have sought out

---

[1] Given David Pastor's experience in this Court, Barnow and Pastor believe the appointment of liaison counsel is unnecessary.

his affiliation in case after case, year after year, for his additional expertise in Massachusetts federal and state court litigations. That knowledge comes with years of practice on the national scene, as well.

4.    Ben Barnow has led many multi-state matters and no fewer than 10 MDLs and has been recognized with praise by judges throughout the country for the work he performs. David Pastor is likewise experienced in multi-state litigation and will provide valuable insight into the procedures in this matter.

5.    Leading by example, Ben Barnow and David Pastor treat every case as an important one and will provide dedication and efficiency throughout this litigation. They will be hands-on and delegation will be closely monitored. Their workload is maintained to allow hands-on attention by them, not defeated by the situation of some other firms where 500 and more data breach cases might be maintained.

6.    Neither Ben Barnow nor David Pastor has ever accepted outside funding and will not be burdened by any conflicts that could be created by such practice. They have accomplished this while leading litigation against giants of the corporate defendant world.

Appointing Ben Barnow and David Pastor ("Barnow and Pastor") as Interim Co-Lead Class Counsel will benefit the putative class and the Court. They commit to lead the case with efficacy and efficiency with dedication to the highest standards owed to the Court and the Class. They will be hands-on and will keep the Court apprised of what is being done and who is doing it.

## II.    ARGUMENT

Appointment of Ben Barnow of Barnow and Associates, P.C. and David Pastor of Pastor Law Office PC as Interim Co-Lead Class Counsel would best serve the putative class. "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The factors to consider in making this determination are:

i.      the work counsel has done in identifying or investigating potential claims in the action;

ii.     counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

iii.    counsel's knowledge of the applicable law; and

2

iv.        the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Additionally, interim class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). The Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation, Fourth ("MCL") recommends that courts examine, *inter alia*, the "would-be designated attorneys' competence for assignments;" "the attorneys' resources, commitment, and qualifications to accomplish the assigned tasks;" and "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court." MCL § 10.22.

Ben Barnow and David Pastor's combination of experience, local knowledge, dedication, and ability makes them the best choice to represent plaintiffs and the putative class.

### A. Appointment of Ben Barnow and David Pastor as Interim Co-Lead Class Counsel is Appropriate

#### 1. Ben Barnow and David Pastor Have Performed Work to Advance the Litigation

Ben Barnow, David Pastor, and their firms, are dedicated to performing work at the highest level in this case and in all of their cases. Barnow and Associates, P.C.'s and Pastor Law Office PC's efforts so far in this case include investigating and reviewing information relating to the factual underpinnings of DentaQuest Group, Inc.'s May 23, 2026 data breach (the "Data Breach") and this litigation, researching and analyzing applicable legal theories and causes of action, reviewing consumer communications concerning the Data Breach, investigating the scope and consequences of the Data Breach, reviewing and analyzing public statements regarding the Data Breach and its consequences, determining proper venue and jurisdiction, and using this research

and experience to prepare a detailed class action complaint regarding the Data Breach. They also prepared and served a written demand for relief on the Defendant under M.G.L., c. 93A, § 9(3). They also worked with Defendant through its counsel to advance a prompt appearance and facilitated drafting of the extensions to date. In addition, Barnow and Associates, P.C. has been retained by clients from multiple states across the country who were affected in the Data Breach, including Texas (where reportedly approximately 3,973,000 class members reside), New York, and Tennessee. Messrs. Barnow and Pastor are familiar with the facts and legal issues in this matter and are well-equipped to efficiently pursue the relevant claims on behalf of all plaintiffs and the putative class. They are willing and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary to successfully pursue the claims of plaintiffs and the putative class.

> **2.  Barnow and Pastor's Knowledge and Experience in Leading and Successfully Resolving Data Privacy Class Actions are Unsurpassed**

Ben Barnow and David Pastor easily satisfy the second and third Rule 23(g)(1)(A) factors because they are highly experienced in complex class actions and their knowledge of the applicable law is unsurpassed. Data breach cases present unique and novel issues of fact and law that are evolving. *See, e.g.*, *Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415, 2019 U.S. Dist. LEXIS 215430, at *3 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade, Inc.*, No. 18-cv-274, 2019 U.S. Dist. LEXIS 164375, at *21 (E.D. Pa. Sept. 23, 2019) ("This is a complex case in a risky field of litigation because data breach class actions are uncertain and class certification is rare."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best

4

interest of the class. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel.").

### Ben Barnow of Barnow and Associates, P.C.

Ben Barnow has extensive experience leading and litigating data privacy matters against large corporate defendants, healthcare providers, and insurance companies. He has earned the respect of courts across the country. Indeed, Ben Barnow has important experience as class counsel in this Court. In one case in this Court, Ben Barnow was Co-Lead Counsel in, and the architect of, one of the earliest major data breach settlements, *In Re TJX Companies Retail Security Breach Litigation*, No. 07-10162 (D. Mass.) (Young, J.). That case, novel at the time of filing, was a credit card data breach case involving approximately 45 million class members. While many developments have come about in data breach cases since, that settlement structure has often been referred to as the "gold standard" for data breach settlements. Further, after multiple competitive applications by numerous firms, and a court hearing on same, for leadership, Ben Barnow was appointed as Co-Lead Class Counsel in *In Re M3 Power Razor System Marketing and Sales Practices Litigation*, No. 05-11177 (D. Mass.) (Woodlock, J.) ("*In Re M3 Power Razor*"). *In Re M3 Power Razor* was an MDL proceeding relating to the defendant's allegedly deceptive marketing and sale of M3Power shaving razors. A settlement was reached and granted final approval in the action, making available class-wide relief to class members. Recently, Ben Barnow was appointed as one of interim lead counsel in *In re Anna Jaques Hospital Data Security Incident Litigation*, No. 1:24-cv-10792-IT, a case that is ongoing.

Ben Barnow continues to achieve excellent results for clients and class members in data breach cases. *See*, *e.g.*, *Kesner v. UMass Mem'l Health Care, Inc.*, No. 2185 CV 01210 (Mass.

Super. Ct. – Worcester) (As one of class counsel he negotiated a settlement creating a $1,200,000 fund for approximately 209,000 class members); *LaFratta v. Medical Healthcare Solutions, Inc.*, No. 2277CV00106 (Mass. Super. Ct. – Essex) (Ben Barnow was appointed as one of settlement class counsel and helped achieve a settlement that created a $727,266 fund for a class of approximately 133,997 persons); *In re Afni, Inc. Data Breach Litig.*, No. 1:22-cv-01287 (C.D. Ill.) (As one of lead class counsel, he helped negotiate a settlement that created a fund of $1,850,000 for approximately 261,449 class members); *Cochran v. Kroger Co.*, No. 5:21-cv-01887-EJD (N.D. Cal.) (As one of lead class counsel, he took a leading role in crafting a settlement with one defendant that created a $5,000,000 non-reversionary common fund for approximately 3.8 million class members and gave only a partial release, reserving rights against the hub defendant); *In re Fortra File Transfer Software Data Security Breach Litigation*, No. 24-md-03090 (S.D. Fla.) (Ben Barnow served as one of the track leads for the NationsBenefits track—which included over 3 million class members—in this hub-and-spoke data breach case which resulted in a settlement in which NationsBenefits was required to pay or cause to be paid $5,800,000 of the $27,000,000 settlement); *In re Retina Group of Washington Data Security Incident Litigation*, No. 8:24-cv-00004 (D. Md.) (Ben Barnow, as one of lead class counsel, negotiated a $3,600,000 settlement fund for approximately 450,000 settlement class members); *In re Saint Xavier University Data Breach Litigation*, No. 2024CH09951 (Cir. Ct. of Cook Cnty., IL) (As one of lead class counsel, he helped make available a $1,750,000 settlement fund for approximately 201,561 class members); *In re Hospital Sisters Health System Data Breach Litigation*, No. 2024CH000043 (Cir. Ct. of Sangamon Cnty., IL) (Barnow and Associates, P.C. was appointed as one of lead class counsel in this data breach class action where a settlement was reached that created a $7,600,000 fund for approximately 868,871 class members); *Holden v. Guardian Analytics*, No. 2:23-cv-02115-WJM-

LDW (D.N.J.) (Ben Barnow was one of lead class counsel and instrumental in creating a settlement of $1,430,207.50 for a class of approximately 191,563 victims of a data breach); *In re MedStar Health Data Security Incident*, No. 1:24-cv-01335 (D. Md.) (As one of lead class counsel, Ben Barnow negotiated a settlement that created a $1,350,000 non-reversionary common fund for approximately 183,079 settlement class members); *Pearson, et al. v. Group Health Cooperative of South Central Wisconsin*, No. 2024-cv-001077 (Cir. Ct. of Dane Cnty., WI) (In a data breach case, Ben Barnow was appointed as one of lead class counsel and helped negotiate a settlement making available a $3,500,000 fund that was recently granted final approval); *In re Heartland Payment Systems Inc., Data Security Breach Litigation*, No. 09-md-2046 (S.D. Tex.) (Ben Barnow was appointed as one of class counsel in this MDL that had a class of approximately 120 million class members and he helped lead the case to a settlement).

He has achieved many settlements consistently recognized as quality work by courts across the land. *See In Re TJX Companies Retail Security Breach Litig.*, No. 07-10162 (D. Mass.) (Ben Barnow served as Co-Lead Counsel in one of the first data breach class action lawsuits; the Honorable Judge Young described the settlement as "excellent," and as containing "innovative" and "groundbreaking" elements); *In re: Sony Gaming Networks and Customer Data Security Breach Litig.*, No. 11-md-2258 (S.D. Cal.) (serving on the PSC in this MDL involving over 60 cases and approximately 70 million consumers, he negotiated a settlement and at the final fairness hearing the Honorable Judge Anthony J. Battaglia remarked, "Just in the final analysis, the order, much like all the work by both sides throughout the case, has been impeccable, highly professional, and skilled."); *Rowe v. Unicare Life and Health Ins. Co.*, No. 1:09-cv-02286 (N.D. Ill.) (Ben Barnow was appointed Lead Counsel and negotiated a settlement that was granted final approval, making benefits available to Settlement Class Members whose medical information was publicly

posted on the Internet; the Honorable Judge Hibbler described the efforts of the parties as "exemplary"). In these cases, and others, Ben Barnow has not only worked well with defense counsel, but also with the many other plaintiffs' counsel who also filed, including various co-lead counsel and plaintiffs' executive committee members.

Ben Barnow's immense experience and commitment are further demonstrated by his efforts in *Olstad v. Microsoft Corp.*, No. 00 CV 3042 (Cir. Ct. Milwaukee Cnty., Wis.) and other antitrust litigation against Microsoft. He settled that litigation after he obtained a unanimous decision in the Wisconsin Supreme Court reversing the trial court dismissal. He went on to settle other additional state-wide antitrust cases against Microsoft, likely more than any other attorney. He also initiated the settlement structure that was used in settling almost all of them. Ben Barnow has the experience to take on large cases and oversee the work of many law firms.

Ben Barnow and Barnow and Associates, P.C. have developed significant data breach and other consumer law at the appellate level. As a lead counsel in *In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625 (3d Cir. 2017) and *Galaria v. Nationwide Mutual Insurance Co.*, 663 F. App'x 384 (6th Cir. 2016), he successfully pursued appeals and achieved reversals from the Third Circuit and Sixth Circuit, respectively, recognizing the plaintiffs' Article III standing to assert data breach claims in federal court. And in *In re Zappos.com, Inc. Customer Data Security Breach Litigation*, No. 12-cv-00325 (D. Nev.), he, along with other Co-Lead counsel, brought about a reinstatement of standing through a Ninth Circuit appeal and successfully defended against a petition for certiorari to reverse that result, with the case ultimately reaching final approval of an excellent settlement. *See In re Zappos.com, Inc.*, 888 F.3d 1020, 1030 (9th Cir. 2018). These appellate cases have been cited as authority over 800 times.

The qualifications, knowledge, experience, and results of Ben Barnow and Barnow and Associates, P.C. are further set forth in the Barnow and Associates, P.C. Firm Resume, Exhibit 1 hereto. The Court will see from the attached more of his dedication to the law, the courts he has practiced before, the clients and classes he has represented, along with law firms on both sides of the aisle.

**David Pastor of Pastor Law Office PC**

David Pastor has more than four decades of experience as a litigator, in Massachusetts state and federal courts and in many other state and federal courts, with more than half of that time spent working primarily on class action litigation. Mr. Pastor's class action work started with representing limited partner investors in litigation over failed limited partnerships and challenging unfair limited partnership rollups and branching out into stock manipulation cases[2] and other types of securities litigation. Mr. Pastor and his former firm later expanded the class action practice to include antitrust litigation on behalf of both direct and indirect purchasers and representing commercial and residential purchasers of defective construction products such as roofing insulation, siding, doors, and windows. Mr. Pastor also has an extensive background in various types of consumer class action litigation, including litigation involving false advertising, privacy issues, landlord-tenant issues, and claims under various consumer protection statutes, including the Telephone Consumer Protection Act and its Massachusetts equivalent. For example, in *Baker v. Equity Residential, L.L.C.*, 390 F. Supp. 3d 246 (D. Mass. 2019), Mr. Pastor litigated a case

---

[2] *See*, *e.g.*, *In re Blech Securities Litigation*, 961 F. Supp. 569 (S.D.N.Y.1997) and *In Re Blech Securities Litig.*, 2002 WL 31356498 (S.D.N.Y. Oct. 17, 2002), in which Mr. Pastor and co-counsel pursued litigation against Blech & Co.'s clearing broker (Bear Stearns) and obtained a favorable settlement for the class.  Blech & Co. was engaged in a manipulation scheme very similar to Stratton Oakmont, the firm portrayed in the movie "The Wolf of Wall Street."

against a large residential landlord, obtaining certification of two classes of tenants on claims for breach of the implied warranty of habitability and the implied covenant of quiet enjoyment (likely the first case anywhere to certify such claims).[3] More recently, Mr. Pastor has developed experience in data breach litigation, drawing upon his experience in earlier privacy-based litigation. Mr. Pastor was appointed as class counsel in *Kesner v. UMass Mem'l Health Care, Inc.*, No. 2185 CV 01210 (Mass. Super. Ct. – Worcester) (settlement creating a $1,200,000 fund for approximately 209,000 class members), co-lead counsel in *LaFratta v. Medical Healthcare Solutions, Inc.*, No. 2277CV00106 (Mass. Super. Ct. – Essex) (settlement that created a $727,266 fund for a class of approximately 133,997 persons); and one of class counsel in *Bickham v. ReproSource Fertility Diagnostics, LLC*, No. 1:21-cv-11879-GAO (D. Mass.) ($1,250,000 settlement on behalf of class of approximately 230,000 individuals). Mr. Pastor has been appointed many times as class counsel by courts in Massachusetts and other federal courts. *Vuckovic v. KT Health Holdings, LLC*, No. 1:15-cv-13696-GAO (D. Mass.);[4] *Miller v. J. Crew Group, Inc.*, No. 13-11487-RGS (D. Mass.); *Perry v. Equity Residential Mgmt., L.L.C.,* 2014 WL 4198850 (D. Mass.); *Goodman v. Hangtime, Inc.*, No. 1:14-cv-01022 (N.D. Ill.); *Miller v. Urban Outfitters, Inc.*, 13-12276-ADB (D. Mass.); *In re OSB Antitrust Litigation*, Master File No. 06-826 (PSD) (E.D. Pa.); *Phillips v. Equity Residential Mgmt., L.L.C.*, No. 13-12092-RWZ (D. Mass.); *Baker v. Equity v. Residential Mgmt.*, *L.L.C.*, No. 18-11175-PBS (D. Mass.). Mr. Pastor also has experience

---

[3] Class certification was actually obtained twice in that case, once in the state court, and after removal and a motion to decertify the class by the defendants, two classed were certified by Judge Saris in the U.S. District Court.

[4] In *Vuckovic* and other false advertising class actions, Mr. Pastor, as lead class counsel, negotiated settlements that included, in addition to a non-reversionary cash fund, injunctive relief causing the defendant to change its labeling for the product to alter or eliminate certain deceptive language (as opposed to a settlement which allows the defendant to pay a sum of money and continue making statements about the product alleged to be false and misleading).

in *qui tam*/whistleblower litigation. In *Commonwealth of Massachusetts ex rel. Doe v. Faisal, et al.*, No. SUCV 2016-01089-BLS 1, the litigation, through settlement, resulted in the recovery of double damages for the Commonwealth under the Massachusetts False Claims Act.

In addition to being admitted to practice before the Massachusetts state courts and this Court, Mr. Pastor is admitted to practice before the First, Third, and Eighth Circuit Courts of Appeal.

### 3. Barnow and Pastor Are Committed to Representing and Advancing the Interests of the Class

As to the fourth Rule 23(g)(1)(A) factor, Barnow and Pastor are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the plaintiffs in this litigation. Ben Barnow, David Pastor, and their firms have devoted substantial time to investigating the Data Breach and preparing a detailed complaint. They have the resources, capacity, and will to vigorously prosecute this litigation in an efficient and effective manner, as they have in many other class action lawsuits. Barnow, Pastor, and their firms will fund this litigation on their own and will not let third-party borrowing interfere with their judgment in pursuing this matter for the putative class and the Court. Ben Barnow has self-funded every class case he has led, whether against Microsoft, Toyota, AOL, McDonald's, Sony, and many more with no exception. Barnow and Pastor are committed to working cooperatively and efficiently on behalf of plaintiffs and the proposed class here. They will pursue the best interests of Plaintiffs and the proposed class and have demonstrated that they can do so effectively.

## III. CONCLUSION

Plaintiff Ashley Banuelos, individually and on behalf of her minor children A.V., D.B., and P.L., respectfully requests that the Court appoint Ben Barnow of Barnow and Associates, P.C. and David Pastor of Pastor Law Office PC as Interim Co-Lead Class Counsel.

11

Dated: August 7, 2026

Respectfully submitted,

/s/ Ben Barnow
Ben Barnow (*pro hac vice*)
**BARNOW AND ASSOCIATES, P.C.**
205 W. Randolph Street, Ste. 1630
Chicago, IL 60606
Tel: 312-621-2000
b.barnow@barnowlaw.com

David Pastor
**PASTOR LAW OFFICE PC**
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Tel: 617.742.9700
Fax: 617.742.9701
dpastor@pastorlawoffice.com

*Counsel for Plaintiff Banuelos and her minor
children A.V., D.B., and P.L.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Ben Barnow
Ben Barnow