**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: DentaQuest Group, Inc. Data Incident Litigation, | ) | Civil Action No. 26-CV-12458-AK |

**MEMORANDUM AND ORDER ON**
**MOTIONS TO APPOINT CLASS COUNSEL**

**ANGEL KELLEY, D.J.**

Before the Court are two Motions for the Appointment of Interim Co-Lead Class Counsel. Plaintiff Banuelos proposes a team consisting of Ben Barnow of Barnow and Associates, P.C. and David Pastor of Pastor Law Office PC ("Barnow Team"). [Dkt. 34]. The remaining plaintiffs propose a team consisting of Gary M. Klinger of Milberg PLLC, Norman E. Siegel of Stueve Siegel Hanson LLP, and Gerald D. Wells, III of Lynch Carpenter, LLP as Interim Co-Lead Class Counsel, and Jason M. Leviton of Block & Leviton as liaison counsel ("Siegel Team"). [Dkts. 32; 35; 45; 48; 51].

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Attorneys appointed to serve as interim class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

> Rule 23(g)(3) identifies no particular requirements for interim designation, but elsewhere Rule 23 lists four factors courts must consider when finally approving class counsel at the time of class certification:
>
> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Smith v. ZOLL Med. Corp., No. 23-CV-10575, 2024 WL 278264, at *1-2 (D. Mass. Jan. 25, 2024) (citing Fed. R. Civ. P. 23(g)(1)(A)). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). If multiple proposed counsel are "adequate," "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

In reviewing the motions and hearing oral argument on October 6, 2026, both teams have the requisite knowledge of the law, adequate resources to litigate the case, and substantial experience handling data-breach class actions. That being said, the Siegel Team stands out in two respects. First, the Siegel Team is supported by the vast majority of the plaintiffs. Second, the Siegel Team has already contributed substantially to the litigation by working on the Motion to Consolidate, retaining experts, coordinating with the plaintiffs, and continuing their investigation of the case.

For the foregoing reasons, the Siegel Team's Motion for the Appointment of Interim Co-Lead Class Counsel [Dkt. 32] is **GRANTED** and the Barnow Team's Motion for the Appointment of Interim Co-Lead Class Counsel is **DENIED**. [Dkt. 34].

The newly appointed interim class counsel, Klinger, Siegel, and Wells, with Leviton as liaison counsel are hereby **ORDERED** to submit a proposed Order regarding their appointment as interim class counsel on or before October 14, 2026. For all other deadlines, the parties may refer to the Court's Order granting Plaintiff's Motion to Consolidate [Dkt. 20].

**SO ORDERED.**

Dated: October 7, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge